By the Court.*—
Miller, P. J.
—A new trial was granted by the judge at special term, upon the ground *30 that there was no evidence to show that the defendant was a party to the agreement with the plaintiff, or that he had legally ratified or adopted the same. Also, upon the additional ground that the court erred in refusing to charge as requested,—that the warranty having been made by Morgan, and the representations of ownership-by the defendant, and there being no proof that plain tiff knew or had reason to believe that Morgan was defendant’s agent in making the warranty, and also no-proof that defendant, when hemade the representations, knew that Morgan had made the warranty, the plaintiff can not recover.
As to the first ground, the testimony of the plaintiff must be taken as true for the purposes of the motion, made at special term for a new trial. According to the plaintiff’s version, the only.warranty proved was the representations made by Morgan. The plaintiff testifies-that after the negotiations with Morgan for the purchase of the horses, and having been informed that the-defendant had some interest in the horses, he asked the defendant if the horses were his. The defendant replied that they were; that he had furnished Morgan the money to buy them, and stated the reasons why he-did not wish to keep them. That plaintiff then told the defendant what talk he had with Morgan, and also stated the offer he had made Morgan of four hundred and fifty dollars, and he testified that they traded on this-basis. As the plaintiff did not state what representations were made by Morgan, the inference is irresistible, that the defendant had no knowledge of any such representations. The talk with Morgan must, I think, be-construed as referring to such conversation, as it appears he communicated to the defendant at the time, and nothing.more. The defendant was not then liable upon a warranty made by himself ; and to make him liable, it should be made to appear either that Morgan acted as his agent, or that defendant subsequently *31 ratified Morgan’s warranty. There is certainly no direct evidence of Morgan’s authority to act as defendant’s agent. Although Morgan purchased the horses •for the defendant, and had them in his possession, and undertook to dispose of them, there is nothing in the case which shows any understanding or agreement between them which gave Morgan authority to sell for the defendant, and as his agent. It is true that Morgan told him of an offer he had from the plaintiff of four hundred and fifty dollars for the horses ; but I do not understand him as stating that he accepted that offer. On the contrary, the defendant told the plaintiff that he could have the horses ; that he was authorized and had interest enough in them to sell them ; that he had loaned money to Morgan, and bought these horses, and wanted tb get rid of them. There clearly was no acknowledgment of Morgan’s right to sell as agent, nor can any such authority be inferred from the testimony. The plain facts are: That Morgan bought the horses with money furnished by the defendant, and undertook to sell them to the plaintiff. The defendant, upon being informed that Morgan had negotiated for a sale, stated the facts, as to his interest in the horses, and the terms upon which they could be purchased.
If the plaintiff purchased of the defendant, there was no warranty. If he purchased of Morgan, as the evidence does not show that Morgan was authorized as agent, or even that he assumed to act in that capacity, and that plaintiff knew of the agency, or had any information that the defendant was interested until after he had terminated negotiations with Morgan, the representations made by Morgan would not bind the defendant, unless there was a subsequent ratification of Morgan’s acts.
It is not enough to establish a ratification, that the plaintiff informed the defendant, after he discovered the defect in the horses, of the representations made by *32 Morgan, and offered to return them, and the defendant refused to accept them.
The appropriation of the fruits of the wrongful acts of an agent, with a knowledge of all the facts, generally constitutes a ratification, and renders the principal liable to the same extent as if the acts had been authorized by -express direction (Murray v. Brininger, 3 Keyes, 109). So when a party claims, receives, and retains the property, knowing that it was obtained by an unauthorized use of his name, it is a ratification of the assumed agency, which evinces his assent to the contract or the wrong (Smith v. Tracy, 36 N. Y., 83, and authorities cited). But the defendant is not brought within the principle of these cases. It will be seen that knowledge of all the facts is essential; and this must be before receiving the money, according to the last case cited.
In Keeler v. Salisbury (33 N. Y., 648), the court say: “It is enough that with the knowledge of what the agent has done in his name, he should consent to be bound by it, and manifest such intent to the other partyin an unequivocal manner.” Itcannot be claimed, I think, that any intent was manifested here by a refusal to return the money, for, in fact, the defendant refused to be bound by the warranty. Perhaps the principal may ratify the agent’s unlawful acts, as is claimed by the plaintiff’s counsel; but as there was no evidence of any acknowledged agency, it can not well be urged that a mere refusal to return the money was a ratification. A ratification of the acts of an agent can only be effected when the acts are done by the agent for the principal, and not for the agent himself, as an individual. Such ratification assumes that the act is done for another without competent authority from him (Story on Agency, 351).
Hence it has been held that when the agent'in making a loan, secured a bonus- for himself without the *33 knowledge of the principal, the latter did not ratify and adopt the act by receiving the security and seeking to enforce it (Condit v. Baldwin, 21 N. Y., 225; Bell v. Day, 32 Id., 165). The money illegally received in the cases cited was for the benefit of the agent, but the principle is the same in all oases.
In the case at bar, the alleged false representations were made by a person who had no authority whatever, and who did not assume to act for the principal. The principles referred to, therefore, which relate to an agent, have no application.
The case of a trespass, committed for the benefit of another and adopted by him, is not analagous; for it can not be said, I think, that the defendant adopted the warranty, as he stated the facts as to his ownership of the horses, and it is a fair inference that when he received the money he supposed that he did so in pursuance of the terms stated by him to the plaintiff and no other.
For the same reason this is not a case ¡where the defendant can be said to be turning to his own advantage, what others have assumed to do for his benefit without authority.
As to the second ground, I think the court erred in refusing to charge as requested. This would seem to follow, if the views expressed as to the first ground are correct.
It is not necessary to discuss the other points made, as the order must be affirmed for the reason given. Order of special term affirmed, with costs.
Parker, J., dissented.

 Present, Miller, P. J., and Potter and Parker, JJ.